UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO.  04-10165-RCL |
| v.                      ) | |
| ) | |
| TONY GOMES TEIXEIRA      ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO SUPPRESS**

The government hereby opposes the motion of defendant Tony Gomes Teixeira ("Teixeira") to suppress the firearm subject to the one-count indictment in this case, in which Teixeira is charged with being a felon-in-possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1).  As grounds therefor, as more fully explained below, the vehicle in which Teixeira was a passenger was validly stopped for speeding, and probable cause thereafter developed to permit the search of the passenger compartment of the vehicle that resulted in the seizure of the loaded firearm.  Accordingly, the government asks this Court to deny the suppression motion without a hearing.

**MEMORANDUM**

The facts in this case are <u>not</u> disputed by Teixeira, who relies without objection of the police report of the incident that resulted in the seizure of the loaded firearm.  Those facts are as follows.

On April 5, 2004, at approximately 6:30 pm, Massachusetts State Troopers Telford and Jackson were on patrol in the City of

Brockton and stopped a gray, four-door Nissan which they clocked at a speed in excess of 41 mph in a posted 30 mph zone.  The Nissan contained three occupants, a driver, a front-seat passenger, and Teixeira in the rear, passenger-side seat.  The troopers approached the vehicle from both sides.  As Trooper Telford reached the driver's side door to request license and registration papers, the driver rolled down the window.  Trooper Telford immediately detected the odor of freshly burnt marijuana coming from the inside of the vehicle.  Trooper Telford then ordered the driver out of the vehicle and Trooper Jackson ordered Teixeira and the front-seat passenger to exit the vehicle.  As Trooper Telford stood watch over the occupants, Trooper Jackson searched the interior compartment of the Nissan.  Seeds and leafy flakes were first found in the console and on the floor of the vehicle.  When the trooper opened the rear, passenger-side door he noticed a bulge in the pocket pouch on the back of the front passenger seat.  He looked into the pocket and saw a black handgun, which was later removed by Trooper Telford.  The three occupants were then informed that they were under arrest and placed in handcuffs.  Teixeira then stated, without questioning by the troopers: "It's my gun, they knew nothing about it."  Further admissions were made by Teixeira after he was

Mirandized.[1]

## Discussion

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., Fourth Amendment. However, Teixeira is simply wrong in suggesting that the seizure of the firearm in this case violated his Fourth Amendment protection against unreasonable searches. Although an automobile stop is subject to the constitutional imperative that it not be "unreasonable," as the Supreme Court has stated: "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996) (*citing* Delaware v. Prouse, 440 U.S. 648, 659 (1979) and Pennsylvania v. Mimms, 434 U.S. 106, 109 (1977) (*per curiam*). Here, the speeding violation that prompted the stop of the Nissan in which Teixeira was riding has not been disputed by Teixeira, and therefore must be found to justify the stop.

Given the validity of the stop, the only question for this Court is whether the warrantless search of the Nissan was constitutionally permissible. Although Teixeira makes much of

---

[1] Teixeira has not moved to suppress statements. In fact, there would be no basis for such a motion, as Teixeira's first statement to the troopers was not the result of interrogation, and his later statements were made after he received and waived his Miranda rights.

the absence of both a warrant and exigent circumstances, neither are needed for a permissible warrantless search of an automobile based on probable cause.  As the Supreme Court and the First Circuit have made perfectly clear, under the "automobile exception" to the Fourth Amendment warrant requirement, "the only essential predicate for a valid warrantless search of a motor vehicle by law enforcement officers is 'probable cause to believe that the [vehicle] contains contraband or other evidence of criminal activity.'"  United States v. McCoy, 977 F.2d 706, 710 (1st Cir. 1992) (*quoting* United States v. Panitz, 907 F.2d 1267, 1271 (1st Cir. 1990) and *citing* Carroll v. United States, 267 U.S. 132, 153-56 (1925)).  *See also* United States v. Ross, 456 U.S. 798 (1982).  More specifically, the First Circuit has held that probable cause alone justifies a warrantless search of an automobile parked in a public place, even without exigent circumstances.  Panitz, 907 F.2d at 1272.

Here, the aroma of smoked marijuana emanating from the interior of the Nissan established probable cause to justify a search of the automobile.  The First Circuit has so found on two separate occasions.  In a case very similar to the instant matter, United States v. Staula, 80 F.3d 596 (1st Cir. 1996), the court reviewed a motor vehicle stop based on violations of the state motor vehicle code.  The police officer testified "that he smelled burnt marijuana when he first approached the driver's

4

side window to demand a registration certificate and operator's license." Id. at 599. After the officer was denied consent to search the vehicle, he ordered the occupants out of the vehicle and searched the passenger compartment, finding marijuana that led to the occupants' arrest. Id. at 600. The First Circuit upheld the warrantless search of the vehicle, noting:

> The case law is consistent that when a law enforcement officer detects the odor of marijuana emanating from a confined area, such as the passenger compartment of a motor vehicle, that olfactory evidence furnishes the officer with probable cause to conduct a search of the confined area.

Id. at 602 (*citing* United States v. Johns, 469 U.S. 478, 482 (1985); United States v. Parker, 72 F.3d 1444, 1450 (10th Cir. 1995); United States v. French, 974 F.2d 687, 692 (6th Cir. 1992).

The same issue controlled the warrantless search of the interior of a stopped automobile in United States v. Taylor, 162 F.3d 12 (1st Cir. 1998). The court, citing Staula, stated: "When looking in, Officer Auger and Sergeant Kennedy immediately detected a 'strong odor' of marijuana. That observation provided probable cause for a search of the car for any narcotics." Taylor, 162 F.3d at 24.

Accordingly, this Court must find that the trooper's observation of the smell of burnt marijuana coming from the passenger compartment of the Nissan established, without more, probable cause to search the interior of the vehicle. Such a

finding requires this Court to deny Teixeira's suppression motion.  Furthermore, as no material facts have been placed in dispute by Teixeira, the motion should be denied on the papers, without an evidentiary hearing.  <u>Staula</u>, 80 F.3d 603 (for defendant to be entitled to an evidentiary hearing, he "must show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief.").

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                        By:  <u>/s/ Timothy Q. Feeley</u>
                            TIMOTHY Q. FEELEY
November 8, 2004          Assistant U.S. Attorney
                            (617) 748-3172

<u>                      CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon defendant's counsel, Barry P. Wilson, Esq., 240 Commercial Street, Suite 5A, Boston, MA 02109, a copy of the foregoing document by first class mail.

                                <u>/s/ Timothy Q. Feeley</u>
                                TIMOTHY Q. FEELEY
                                Assistant U.S. Attorney