UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>VS.  )<br>)<br>TONY GOMES TEIXIERA,  )<br>DEFENDANT.  ) | CRIMINAL NO.<br>0410165-RCL |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR LEAVE TO TO FILE MOTION TO RECONSIDER COURT'S DENIAL OF AN EVIDENTIARY HEARING ON DEFENDANT'S MOTION TO SUPPRESS AND DENIAL OF DEFENDANT'S MOTION TO SUPPRESS**

The Defendant, Tony Teixiera, moves that this Court reconsider its denial of an evidentiary hearing on his Motion to Suppress, as well its denial of the Defendant's Motion to Suppress. In support thereof, the Defendant refers the Court to the following Memorandum of Law.

**ARGUMENT**

The Defendant filed a Motion to Suppress on or about November 1, 2004. In it the Defendant requested a hearing pursuant to Local Rule 7.1(D). On November 30, 2004 the Court issued its decision without granting the Defendant's request for a hearing. In its denial of the Defendant's Motion, the Court stated that "...[i]t is undisputed, on this motion, that one of the officers, on approaching the vehicle, detected the smell of freshly burned marijuana." The Defendant, however, observed in his Motion to Suppress that the police did not cite the driver for driving under the influence, which "one would ordinarily expect an officer to do if he '…immediately detected the odor of freshly burnt marijuana

-2-

coming from inside the vehicle.'" This clearly calls into dispute the veracity of the officer's claim. The Defendant also has a number of witnesses who dispute the factual allegations in the police report. (See attached affidavits.)

Evidentiary hearings are appropriate when the "factual allegations [are] such that, if proved, would require the grant of relief." Grant v. United States, 282 F2d. 165, 170 (1960). In this case, had the Defendant been granted a hearing, he would have been able to question the officer regarding his allegedly smelling marijuana, a claim that the Defendant disputes. And had the Defendant proven that the claim was false, he would have been entitled to relief, i.e., he would have been entitled to suppression of the evidence. This is underscored by the Court's denial of the Defendant's Motion to Suppress, which rests entirely on a finding that the officer smelled marijuana and thus had probable cause to search the car.

The Defendant wishes to emphasize that he denies that the car in which was a passenger was validly stopped. The Defendant contests the allegation that the car was speeding, as the police report claims, and contests the claim that the car contained an odor of freshly burned marijuana. The Defendant notes as well that the officers who made what started out as a routine traffic stop are members of a gang unit. Traffic stops are obviously outside the purview of a gang unit, and given the relatively minor nature of the alleged infraction (speeding), there is a clear implication that the officers' motivation to stop the car went beyond a simple commitment to enforcing the traffic laws. Because of this, the Defendant maintains that there is a strong probability that his civil rights were violated on the date of the stop. The Defendant will also show that the basis for the stop was the police's desire to question the driver, Edson Miranda, who was known to them.

-3-

## CONCLUSION

For the reasons stated above, the Defendant requests that this Court reconsider its denial of an evidentiary hearing on the Defendant's Motion to Suppress.

Respectfully submitted,
For the Defendant,

Barry P. Wilson
Attorney for the Defendant
240 Commercial Street
Suite 5A
Boston, MA 02109
(617) 248-8979
BBO# 529680

Dated: 12/15/04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>VS.    )<br>)<br>TONY GOMES TEIXEIRA, )<br>DEFENDANT.    ) | CRIMINAL NO.<br>0410165-RCL |

### AFFIDAVIT OF JOSE CORREIRA

The undersigned, having been duly sworn, does depose and state:

1. My name is Jose Correira, and I was a passenger in a Nissan Altima that Brockton Police stopped on April 5, 2004.

2. At the time of the stop, there were two other people in the car, Edson Miranda, who was driving, and the Defendant in the above-captioned case, Tony Teixiera.

3. Before the police stopped the car it was not speeding.

4. Nobody had smoked marijuana in the car before the police stopped it, and there was no odor of freshly burned marijuana in the car.

5. I have reviewed the police report regarding this stop, and it contains factual inaccuracies.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

Dated: 12/11/04

Jose Correira JC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>VS.<br><br>TONY GOMES TEIXEIRA,<br>DEFENDANT. | CRIMINAL NO.<br>0410165-RCL |

### AFFIDAVIT OF EDSON MIRANDA

The undersigned, having been duly sworn, does depose and state:

1. My name is Edson Miranda, and I was the operator of a Nissan Altima that Brockton Police stopped on April 5, 2004.

2. At the time of the stop, there were two passengers, Jose Correira, and the Defendant in the above-captioned case, Tony Teixiera.

3. Before the police stopped the car I was not speeding.

4. Nobody had smoked marijuana in the car before the police stopped it, and there was no odor of freshly burned marijuana in the car.

5. I have reviewed the police report regarding this stop, and it contains factual inaccuracies.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

Dated: 12/13/04

*Edson Miranda*
Edson Miranda