UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | CR No. 04-10165-RCL |
| ) | |
| TONY GOMES TEXEIRA   ) | |
| Defendant   ) | |

ORDER ON MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Before the court is a motion of the defendant for leave to file a motion for reconsideration of the court's order denying the defendant's motion to suppress evidence.

The defendant seeks to suppress the fruits of a search of an automobile (including a firearm) made by police officers on April 5, 2004. The original motion to suppress was denied by order of the court dated November 30, 2004. That order was based on the conclusion by the court that there was no dispute as to the government's claim that the arresting officers, on approaching the vehicle in question, detected the odor of freshly burned marijuana. That conclusion, in turn, was based on a record which included an affidavit of Special Agent Sheila M. O'Hara of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Agent O'Hara's affidavit recited information from, and included a copy of, the arrest report prepared by one of the arresting officers, a trooper of the Massachusetts State Police, who, at the time of the events at issue, was on patrol in the City of Brockton. The arrest report included the officer's statement that he detected the odor of freshly burned marijuana when he approached the vehicle in which the defendant was riding, following a stop for a traffic violation. According too the report, the search of the defendant and the consequent discovery of the firearm followed an observation of a bulge in the defendant's pocket by one of the arresting officers after the occupants of the vehicle were ordered to exit it.

For his part, the defendant, at the time of the original motion to suppress, submitted an affidavit in which he stated in conclusory fashion only that the officers did not have probable cause to arrest him. Although the defendant stated in the affidavit that he had reviewed the arrest report, he did not specifically dispute the claims in the report concerning the officers' detection of an odor of freshly burned marijuana and the observation of the bulge. Accordingly, the court determined that no evidentiary hearing was necessary and denied the motion to suppress.

On the present motion, the defendant proffers an affidavit in which he specifically contests the claim of the arresting officers of the odor of freshly burned marijuana. There is no explanation in the defendant's present papers as to why the affidavit now proffered was not included with the original motion to suppress. "Ordinarily, a district court faced with a motion to reconsider must apply an interest-of-justice test. . . . This is so . . . because such requests . . . rely, in the last analysis, on the trial court's inherent power to award relief from interlocutory decisions 'as justice requires.'" *United States v. Roberts,* 978 F.2d 17, 21 (1st Cir. 1992). At the time the defendant filed his original motion to suppress in this case, he was in possession of the information on which the government relies to establish the validity of the search; yet the defendant did not then offer an affidavit specifically contesting the government's factual assertions. Under these circumstances, justice does not require that the court reconsider its original ruling. Accordingly, the motion for leave to file a motion for reconsideration is DENIED.

SO ORDERED.

/s/ Reginald C. Lindsay
United States District Judge

DATED: January 25, 2005

Case 1:04-cr-10165-RCL    Document 37    Filed 01/25/2005    Page 3 of 3