UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
          v.             )    CRIMINAL NO. 04-10165-RCL
                         )
TONY GOMES TEIXEIRA      )

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America by and through Assistant United States Attorney Timothy Q. Feeley hereby submits, pursuant to Fed. R. Crim. P. 30, its request for jury instructions in the above-captioned case.  The United States also requests leave to file additional instructions as may become appropriate during the course of the trial.

                          Respectfully submitted,

                          MICHAEL J. SULLIVAN
                          United States Attorney


May 1, 2005              By:   /s/ Timothy Q. Feeley
_____                 TIMOTHY Q. FEELEY
                               Assistant U.S. Attorney
                               (617) 748-3172


### CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2005, I will serve a copy of the foregoing on counsel for the defendant, C. Samuel Sutter, Esq. 203 Plymouth Avenue, Building 7, 1st Floor, Fall River, MA 02721, by hand.

                          /s/ Timothy Q. Feeley
                          Timothy Q. Feeley
                          Assistant U.S. Attorney

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 1
### (Count One: Felon-in-Possession Of Firearm And Ammunition)
### (Statute and Indictment)

Count One charges the defendant with violating Section 922(g)(1) of Title 18 of the United States Code.  This is a criminal statute that provides that it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition in or affecting commerce.

The Indictment reads as follows:

**COUNT ONE**:      (18 U.S.C. § 922(g)(1) - Felon in Possession of Firearm and Ammunition)

The Grand Jury charges that:

On or about April 5, 2004, at Brockton, in the District of Massachusetts,

**TONY GOMES TEIXEIRA,**

defendant herein, did, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possess in and affecting commerce a firearm, to wit: a Glock 17, 9mm semi-automatic pistol and ten rounds of ammunition.

All in violation of Title 18, United States Code, Section 922(g)(1).

In order to find the defendant guilty of Count One, you must be satisfied beyond a reasonable doubt of the following three elements:

1.   That on or about April 5, 2004, the defendant was a convicted felon, that is, that he was previously convicted in any court of a crime punishable by

2

imprisonment for a term exceeding one year;

2.    That on or about April 5, 2004, the defendant knowingly

      possessed, actually or constructively, the firearm or

      one or more of the rounds of ammunition specified in

      the Indictment; and

3.    That the defendant possessed the firearm or ammunition

      in or affecting commerce.

Because it is a crime for a convicted felon to possess either a firearm or ammunition in or affecting commerce, the government may meet its burden of proof on the second element of this crime (possession) if you are satisfied beyond a reasonable doubt that the defendant possessed either the charged firearm or one or more rounds of the charged ammunition.  However, at a minimum, you must unanimously agree that he possessed either the charged firearm or one or more rounds of the charged ammunition.

18 U.S.C. §922(g)(1); First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998); United States v. Botelho, 71 F.3d 436, 439 (1st Cir. 1995).

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 2
### (Prior Felony Conviction)

The first element which the government must prove is that
the defendant was a convicted felon at the time of possession of
the firearm or ammunition.  You must be satisfied that he was
convicted in any court of a crime punishable by imprisonment for
a term exceeding one year, and that such conviction took place at
a time before the time that it is alleged the defendant was in
possession of the firearm and ammunition.  In this case, that
means the conviction had to be before April 5, 2004.  It does not
matter whether the conviction was after a trial or after a plea
of guilty, since both have the same consequences.  The actual
sentence imposed and, in particular, the actual length of any
term of imprisonment, also do not matter.  Nor does it matter
whether the defendant actually knew that he had a prior felony
conviction.  It is only necessary that the defendant was
convicted of a crime for which he could have been sentenced to
imprisonment for a term exceeding one year.  In this case, the
government and the defendant have stipulated that prior to April
5, 2004, the date of the alleged offense, the defendant had been
convicted in a court of a crime punishable by a term of
imprisonment exceeding one year.  You may take that fact as
proven as the defendant has thus stipulated to the first element.

2 Leonard B. Sand et al., Modern Federal Jury Instructions, No.
35-48 (1999);
First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06
(1998)

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 3
### (Possession)

The second element the government must prove is that the defendant knowingly possessed the charged firearm or one or more rounds of charged ammunition.  The term "possess" means to exercise authority, dominion, or control over something.  It is not necessarily the same as legal ownership.  The law recognizes different kinds of possession, including actual possession and constructive possession.  A person who has direct physical control of something on or around his person is in actual possession of it.  That is, a person who physically holds an object or has it on his person is in actual possession of the object.

A person who is not in actual possession, but who knowingly has both the power and the intention to exercise control over something, is in constructive possession of it.  That is, a person who places or stores an object in a location over which he has the ability to control, and who also intends to exercise control over that object, is in constructive possession of that object.  The government need not prove that the defendant had exclusive control over the area where the object was placed or stored.  The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient to satisfy the second element of this crime.

Possession includes both sole and joint possession.  The

defendant need not have exclusive possession of an item for you to determine that he is in constructive possession of it.  If one person alone has actual or constructive possession, possession is sole.  If two or more persons share actual or constructive possession, possession is joint.  Again, the law recognizes no distinction between sole and joint possession; either form of possession is sufficient to satisfy the second element of this crime.

The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others, of the charged firearm or one or more rounds of charged ammunition.  It is not necessary for the government to prove ownership of the firearm or ammunition for you to find that the defendant possessed them.

First Circuit Pattern Jury Instructions (Criminal) Inst. 4.06 (1998);
United States v. Zavala Maldonado, 23 F.3d 4, 7-8 (1st Cir. 1994);
United States v. Wight, 968 F.2d 1393, 1398 (1st Cir.1992)
United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
United States v. Meade, 110 F.3d 190, 202-03 (1st Cir. 1997);
United States v. Rogers, 41 F.3d 25, 29 (1st Cir. 1994);
United States v. Ladd, 877 F.2d 1083, 1087-88 (1st Cir. 1989);
1A Kevin F. O'Malley et al., Federal Jury Practice and Instructions, § 16.05 (5th ed. 2000);
2 Leonard B. Sand et al., Modern Federal Jury Instructions, No. 35-49 (1999).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4
### (Firearm and Ammunition)

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The term "ammunition" includes any ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

18 U.S.C. §921(a)(3)(A); 18 U.S.C. §921(a)(17)(A).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 5
### (Knowledge)

The government must also establish that the defendant was in
<u>knowing</u> possession of the firearm or ammunition.  An object is
possessed knowingly if it is possessed voluntarily and
intentionally, not because of mistake or accident.

This does not mean that the government must show that the
defendant knew he was violating the law or intended to violate
the law by possessing a firearm or ammunition.  To satisfy this
requirement, the government only needs to prove that the
defendant knew he was in possession of the charged firearm or one
or more rounds of the charged ammunition.

<u>First Circuit Pattern Jury Instructions</u> (Criminal) Inst. 4.06
(1998);
<u>United States v. Booth</u>, 111 F.3d 1, 2 (1st Cir. 1997);
<u>United States v. Tracy</u>, 36 F.3d 187, 194-95 (1st Cir. 1994);
<u>United States v. Field</u>, 39 F.3d 15, 17 (1st Cir. 1994); 1A Kevin
F. O'Malley <u>et al.</u>, <u>Federal Jury Practice and     Instructions</u>, §
17.04 (5th ed. 2000).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6
### (Proof of Knowledge)

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997);
1 Leonard B. Sand et al., Modern Federal Jury Instructions, No.
    6-17 (1999);
1A Kevin F. O'Malley, et al., Federal Jury Practice and
Instructions, § 17.07 (5th ed. 2000).

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 7
#### (In or Affecting Commerce)

The third element that the government must prove in connection with Count One is that the defendant's knowing possession of the firearm or ammunition was in or affecting commerce. This term simply means that the firearm or ammunition must have had some minimal link to interstate commerce. This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of the firearm or ammunition (including any portion of any round of that ammunition including the cartridge casing, primer, bullet, or propellant powder) it moved across a state line. Thus, if it is established that the firearm or ammunition was manufactured in a state other than Massachusetts and then was possessed by the defendant in Massachusetts, this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased or obtained the firearm or ammunition in some other state and carried it into Massachusetts. In addition, the government does not have to prove that the defendant knew that the firearm or ammunition had crossed state lines, or that the firearm or ammunition crossed state lines prior to the time that the defendant allegedly became convicted of a crime punishable by a term of imprisonment exceeding one year.

The government need not prove who did purchase the firearm or ammunition or how it arrived in Massachusetts. The shipment

or transportation of the ammunition across state lines need not

be connected to the charge in the indictment and need not have

been in furtherance of any unlawful activity.  It may be

completely unrelated to the defendant.

   All that is required is proof that the firearm or ammunition

had traveled in interstate commerce by moving across a state line

at any time prior to the defendant's alleged possession of it.

First Circuit Pattern Jury Instruction (Criminal) Inst. 4.06
(1998);
Barrett v. United States, 423 U.S. 212, 224-25 (1976);
Scarborough v. United States, 431 U.S. 563, 566, 575-577 (1977);
United States v. Acosta, 67 F.3d 334, 340 (1st Cir. 1995);
United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988);
United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995);
United States v. Sanders, 35 F.3d 61, 62 (2d Cir. 1994).
2 Leonard B. Sand et al., Modern Federal Jury Instructions, No.
    35-50 (1999).