UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA   )<br>                             )<br>        v.                   )   CRIMINAL NO. 04-10165-RCL<br>                             )<br>TONY GOMES TEIXEIRA           ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT**
**PRIOR CONVICTIONS OF DEFENDANT IF HE TESTIFIES**

The government hereby moves *in limine* to admit into evidence the prior criminal convictions of defendant Tony Teixeira ("Teixeira") in the event that he takes the stand in his own defense. As grounds therefor, and as more fully discussed below, in this case, in which credibility of witnesses is the crucial determination to be made by the jury, the jury should understand that Teixeira's prior convictions demonstrate that he is less likely than most to be deterred from lying under oath. That being said, the government understands the risk of a propensity inference being drawn in those cases in which Teixeira's prior convictions are crimes of violence. To address that concern, the government will limit its inquiry to establishing that Teixeira was convicted of a "felony" (type unspecified) in a particular court, on a particular date.[1]

The credibility of witnesses in this case will be the paramount issue for the jury's determination. The government's

---

[1] The Court may wish to consider an instruction to the jury about the meaning/definition of "felony."

state police witnesses will testify about the basis for stopping the car Teixeira was in, finding the gun charged in the indictment, and post-arrest statements made by Teixeira. Presumably, Teixeira, if he testifies, will tell an entirely different story, setting up a credibility contest between himself and the government's witnesses.

The probative value of Teixeira's prior convictions is obvious.  As the court stated in <u>Cummings v. Malone</u>, 995 F.2d 817, 826 (8th Cir. 1993): "Federal Rule of Evidence 609 is based on the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath."  It follows that within reason, a jury should know whether a defendant witness has continually "transgressed society's norms."

The jury will hear, through a <u>Tavares</u> stipulation, that Teixeira has one prior felony conviction.  In fact, he has five such convictions.  The jury should not be permitted to infer that Teixeira is likely to abide by his oath because he only transgressed the law on one occasion, perhaps a long time ago. Accordingly, the government wishes to establish, if Teixeira takes the stand in his own defense, the following convictions. To address Rule 403 concerns, the government will limit its inquiry of Teixeira in each case to whether Teixeira was convicted of a "felony" in the particular court, on the

2

particular date.²

| | | |
|---|---|---|
| 1. | September 19, 2000 | A & B on a police officer<br>Quincy District Court |
| 2. | August 9, 2000 | B & E in the nighttime with intent to commit a felony<br>Brockton District Court |
| 3. | January 27, 2000 | B & E in nighttime with intent to commit a felony, and A & B on a police officer<br>Brockton District Court |
| 4. | January 19, 2000 | Receiving stolen property (MV)<br>Brockton District Court |
| 5. | December 10, 1998 | Receiving stolen property (MV)<br>Brockton District Court |

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                 By:    /s/ Timothy Q. Feeley
                                        TIMOTHY Q. FEELEY
                                        Assistant U.S. Attorney
                                        (617) 748-3172

July 14, 2006

**CERTIFICATE OF SERVICE**

   I hereby certify that on this date I served a copy of the forgoing on all counsel of record by electronic filing notice.

                                        /s/ Timothy Q. Feeley
                                        Timothy Q. Feeley
                                        Assistant U.S. Attorney

---

   ²By limiting its inquiry in such a way, this Court should find, as required by Rule 609(a)(1), that the probative value of admitting the convictions on the issue of Teixeira credibility outweighs the prejudicial impact to him.