```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

```
UNITED STATES OF AMERICA )
                         )
        v.               )   CRIMINAL NO. 04-10165-RCL
                         )
TONY GOMES TEIXEIRA      )
```

**GOVERNMENT'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION**

The United States of America by and through Assistant United States Attorney Timothy Q. Feeley hereby submits, pursuant to Fed. R. Crim. P. 30, its proposed supplemental jury instruction in the above-captioned case. The supplemental instruction is submitted based on the anticipated testimony of witnesses disclosed on the defendant's recently filed witness list.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

July 15, 2006          By:    /s/ Timothy Q. Feeley
                              TIMOTHY Q. FEELEY
                              Assistant U.S. Attorney
                              (617) 748-3172

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2006, I served a copy of the foregoing on all counsel of record by electronic filing notice.

                              /s/ Timothy Q. Feeley
                              Timothy Q. Feeley
                              Assistant U.S. Attorney

## **GOVERNMENT'S PROPOSED SUPPLEMENTAL INSTRUCTION NO. 1**
### **(Issues Not Before The Jury)**

You have heard evidence from state police witnesses that they stopped the car in which the defendant was riding because it was speeding, removed the occupants from the vehicle, searched the interior of the vehicle, and later questioned the defendant about the gun.  You have also heard evidence from a witness called by the defense, as well as the defendant himself, that differs from the government's evidence on some of those issues.

You may use the conflicting defense evidence in assessing the credibility of the state police witnesses.  However, you may not use the conflicting evidence to try to determine whether the police had a right to stop the vehicle, remove the occupants of the vehicle, search the vehicle, or ask the defendant questions.  Those are legal issues that are for the court to decide.  They are not issues that are before you or that you should either consider or decide.  For your purposes, you should not question the legality of the stop, the removal of the occupants from the vehicle, the search, or the questioning.  You should assume that the officers acted legally.  It is only the court that can decide otherwise.

Ornelas v. United States, 517 U.S. 690, 699 (1996) (legality of searches and seizures are questions of law)