UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          }
UNITED STATES OF AMERICA    }
                                          }
V.                                         }                    CRIMINAL NO.
                                          }                    04-10165-RCL
                                          }
TONY GOMES TEXEIRA            }
DEFENDANT                          }
_____}

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE /LIMIT IMPEACHMENT EVIDENCE

Now comes the Defendant, Tony Gomes Teixeira, in the above-numbered

indictment, and hereby moves this court for an order excluding/limiting evidence of the

Defendant's prior convictions.  In this case, the defense intends to call Mr. Teixeira to

testify in his own behalf.  Accordingly, the jury's determination of the witnesses'

credibility is the crux of this case.

Based upon the Government's Motion In Limine To Admit Prior Convictions of

Defendant, the Defendant objects to the use of the following:

1.    September 19, 2000 (A & B on police officer);

2.    August 9, 2000 (B & E in nighttime with intent to commit felony); and

3.    January 27, 2000 (B & E in nighttime with intent to commit felony and

      A & B on police officer)

Pursuant to Rule 609 of the Federal Rules of Evidence, it is well established that this rule

is premised on the belief that a witness's past is indicative of a dishonest character or a

willingness to flaunt the law.  Therefore, jurors may infer that a witness with a criminal

past is less deserving of credit than one with an unblemished past.  *Walden V. Georgia-Pacific Corp.*, 126 F.3d 506, 523 (3d Cir. 1997).  The Defendant contends that the above-listed convictions the Government intends to admit into evidence do not meet the balancing test as set forth in *United States v. Tse*, 375 F.3d 148, 159-64 (1st Cir. 2004) (if the witness is the accused, he may be impeached under Rule 609(a)(1) only if the court finds that the probative value of the conviction as credibility evidence outweighs its prejudicial effect to the accused). This burden is on the impeaching party.

Further, the Government's argument is misplaced.  It suggests that in order to address Rule 403 concerns, it will limit the manner in which Mr. Teixeira is inquired of these past convictions.  Rule 403 is the incorrect standard to be used in the Court's determination of this issue.  This Rule states: "Although relevant, evidence may excluded if its probative value is "<u>substantially</u>" outweighed by the danger of unfair prejudice…" Rule 609(a)(1) does not use the term "substantially" in its balancing test.  Hence, in the instant matter, evidence of the Defendant's prior convictions on the aforementioned charges are prejudicial and will in no way assist the jury in assessing credibility.

Tony Teixeira,
By his attorney,


/s/ Frank D. Camera, Esq.
Frank D. Camera


Date: July 16, 2006

## CERTIFICATE OF SERVICE
I do hereby certify that  a copy of the foregoing was served to all parties by electronic filing.

/s/ Frank D. Camera