UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              }
UNITED STATES OF AMERICA     }
                                              }
V.                                            }                    CRIMINAL ACTION
                                              }                    NO. 04-10165 RCL
TONY TEIXEIRA                         }
DEFENDANT                            }
_____}

### DEFENDANT TONY TEIXEIRA'S COMBINED MOTION FOR DOWNWARD DEPARTURE AND SENTENCING MEMORANDUM

Now comes the defendant, Tony Teixeira, in the above-captioned matter and hereby requests that this court grant a downward departure from the advisory guidelines pursuant to U.S.C. sec.3553 and the decisions in United States v. Booker and United States v. Fanfan, 125 S.Ct. 738 (2005) and that he be permitted to self-report to the United States Marshal or the Bureau of Prisons for execution of his sentence.

Specifically, the defendant requests that this Court sentence him to a period of seventy-eight months and a period of supervised probation.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

#### A.     Personal Background

Tony Teixeira was born on January 5, 1981 and is one of five children.  His father Pedro Teixeira and mother Domingas Teixeira were born and raised in Cape Verde.  His parents are still married and reside at 204 Green Street in Brockton, Massachusetts.

Mr. Teixeira has resided at this address in Brockton since he was eight years old. He is currently unmarried with no children.  Mr. Teixeira attended school in Brockton

until he withdrew in 1989 during his junior year of high school.  He has a history of employment since leaving high school, including positions at Good Samaritan Hospital and as a dietary aide at Embassy Nursing Home.

Mr. Teixeira currently provides assistance to his father who is suffering from prostate cancer and diabetes.  Mr. Teixeira also has strong family and community ties. All of the members of his family attest to his good character and rehabilitation, despite the emotional and physical abuse he endured throughout his childhood at he hands of his parents.

Mr. Teixeira has had some difficulty with substance abuse throughout his life. From the time he was fourteen years old up to March 2004, he drank alcohol and smoked marijuana heavily, which led to his hospitalization in March 2004.  Accordingly, the defendant has agreed to voluntarily participate in the 500-hour drug treatment program offered by the Bureau of Prisons, which we ask the Court to recommend.

## B.    18 U.S.C. SECTION 3553(a)(1): MR. TEIXEIRA'S HISTORY AND CHARACTERISTICS

Section 3553(a)(1) directs a sentencing court to consider Mr. Teixeira's "history and characteristics" in determining whether the sentence to be imposed would be "sufficient, but not greater than necessary" to punish, deter and rehabilitate Mr. Teixeira.

Mr. Teixeira recognizes that he will lose his freedom for a significant period of time when he is sentenced for the crime for which he was convicted.  Since he has been under house arrest for this offense, Mr. Teixeira has assisted his ailing father in daily tasks such as house maintenance and cooking while providing child-care for his nieces and nephews.  The best argument for imposing a sentence that would be "sufficient but not greater than necessary" is this: the goals of the criminal justice system can be fulfilled

in a period of incarceration less than 120 months.  He has made significant strides toward

putting his life back in order despite the inevitable consequence of incarceration.

Separating Mr. Teixeira from his family, with whom he has lived for his entire life, for a

period of 120 months will not promote his rehabilitation, especially when he is on the

right track.  *United States v. Blake*, 89 F.Supp.2d 328, 346 (E.D.N.Y. 2000) (in bank

robbery, departure from Level 29 to Level 8 proper because incarcerating defendant

would "reverse the progress she has made" and considering the decreasing rehabilitative

success of federal prisons).  In *United States v. Maier*, 975 F.2d 944, 948 (2nd cir. 1992),

the Court held that a defendant's post-offense rehabilitation is a permissible basis for a

downward departure.  The Court held that "awareness of one's circumstances and the

demonstrated willingness to act to achieve rehabilitation, thereby benefiting the

individual and society," can remove a case from the heartland of typical cases, thus

constituting a valid basis for departure.  *Id*.

    **C.**    **18 U.S.C. SECTION 3553(a)(1): THE NATURE AND**
        **CIRCUMSTANCES OF THE OFFENSE**

    The offense involved no violence or threat thereof.  There are no victims and

there is no suggestion that the offense involved or was in connection with another felony

offense (*See* U.S.S.G. section 2K2.1(5)) .  Given these characteristics, we request a

sentence of 78 months with a period of supervised probation.

**D.    18 U.S.C. SECTION 3553(a)(2)(A): A SENTENCE BELOW THE APPLICABLE GUIDLEINE RANGE WILL ADEQUATELY REFLECT THE SERIOUSNESS OF THE CRIME, PROMOTE RESPECT FOR THE LAW, AND PROVIDE JUST PUNISHMENT**

Mr. Teixeira understands the seriousness of his offense.  He recognizes the fact that justice requires punishment.  Those interests will be well-served if the Court imposes the sentence as requested above.

**E.    18 U.S.C. SECTION 3553(a)(2)(B): A SENTENCE BELOW THE GUIDELINE RANGE IS MORE THAN ADEQUATE TO DETER SIMILAR CRIMINAL CONDUCT**

A sentence below the guideline range is sufficient to serve the interests of specific and general deterrence.  Such a sentence will reinforce the deterrent effects already imprinted on Mr. Teixeira.  There should be no question that any restraint on his liberty, no matter what the length, will have the desired effect of deterring him from a return to any criminal conduct.  Mr. Teixeira has demonstrated that he will not relapse into a criminal lifestyle.  Since he has been released on this offense, albeit on electronic monitoring, Mr. Teixeira has been a productive and responsible member of his family and society.  Based on Mr. Teixeira's familial relationships, from which he benefits, the statistical probabilities suggest that Mr. Teixeira is at low risk for recidivism.  *See* United States Sentencing Commission, *Measuring Recidivism*: *The Criminal History Computation of the Federal Sentencing Guidelines* (May 2004) ("Recidivism Report"), at 29.  With regard to general deterrence, it warrants repeating that a sentence of seventy-eight months for a person convicted of a first-time firearm offense would have a strong deterrent effect on others who might be tempted to engage in any such activity.

**F.      18 U.S.C. SECTION 3553(a)(2)(C): NEED TO PROTECT PUBLIC FROM
FURTHER CRIMES OF DEFENDANT**

As demonstrated above, there is little risk Mr. Teixeira will be a recidivist.  Mr.

Teixeira has learned his lesson.  He realizes that he must get through this difficult part of

his life and then to live a life that avoids future criminal behavior.

**G.      DEFENDANT'S CRIMINAL HISTORY CATEGORY OVER-
REPRESENTS THE SERIOUSNESS OF THE CRIMINAL HISTORY
SECTION 4A1.3(B)(1)**

Mr. Teixeira cannot refute his past criminal history.  However, upon careful

review, it can be seen that when considering his total criminal history points, only three

of the total 13 points are for "violent felonies".  Further, the majority of his prior criminal

history occurred when Mr. Teixeira was between the ages of seventeen and nineteen

years old.  In fact, the latest entry in Mr. Teixeira's criminal history- operating after a

suspended license - occurred when he was twenty-two years old.  To treat Mr. Teixeira as

if he were an offender with a criminal history filled with serious violent offenses would

be in contravention of the purpose of the criminal history computations, which is to

predict recidivism and reflect culpability.

To be sure, Mr. Teixeira does not seek to excuse his past criminal behavior;

however, he does wish that the Court consider the circumstances that attributed to his

past.

**CONCLUSION**

If the Court were to sentence Mr. Teixeira to seventy-eight months of

incarceration, he would be approximately thirty one years old when he is released from

custody.  He will have to endure this period of time with the loss of his freedom, his

friends and most importantly his family.  He as well as his family will be put through the

stress and anxiety that accompanies such a traumatic event such as this. Accordingly, the defendant asks this Court to (1) impose a sentence of 78 months with a period of supervised probation; and (2) order Mr. Teixeira to self-report to the U.S. Marshal or the Bureau of Prisons for execution of his sentence.

<div style="margin-left:40%">

Respectfully submitted,
Tony Teixeira,
By his attorney,


/s/ Frank D. Camera
BBO #635930
56 N. Main Street #321
Fall River, MA 02720
508-677-2878

</div>

Dated: October 22, 2006

<div style="text-align:center">

CERTIFICATE OF SERVICE

</div>

I, Frank D. Camera, counsel for Tony Teixeira, hereby certify that on October 22, 2006, a true copy of this document was served upon the Assistant U.S. Attorney by ECF/mailing.

<div style="margin-left:40%">

/s/ Frank D. Camera

</div>