UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
        v.                   )
                             )  Cr. No. 04-10165-MLW
                             )
TONY GOMES TEIXEIRA,         )
        Defendant.           )

                        MEMORANDUM AND ORDER

WOLF, D.J.                                        September 6, 2024

    On July 21, 2006, a jury found Tony Gomes Teixeira guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). The court sentenced him to 110 months in custody and three years of supervised release. On August 5, 2013, Teixeira filed a petition to vacate his sentence pursuant to 28 U.S.C. §2255, alleging ineffective assistance of counsel (the "Petition"). The court has reviewed the Petition and the record of Teixeira's case and finds that the Petition is untimely because it was filed after the expiration of the one-year statute of limitations established by 28 U.S.C. §2255(f). Accordingly, the court is denying the Petition.

I.  BACKGROUND

    On August 11, 2004, Teixeira was charged in a superseding indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). See Dkt. No. 14. At trial, a jury returned a verdict of guilty. See Dkt. No. 69.

On October 25, 2006, the court sentenced Teixeira to 110 months in custody and three years of supervised release. <u>See</u> Oct. 25, 2006 Hr'g Tr. at 29 (Dkt. No. 105); Judgment (Dkt. No. 72). At sentencing, the court advised Teixeira on his right to appeal, stating:

> Mr. Teixeira, let me advise you that you can appeal your conviction if you think there's some fundamental defect in the proceedings. You may also appeal under certain circumstances the sentence that I have imposed on you, particularly if you think the sentence I have imposed is contrary to law. You start an appeal by filing a notice of appeal. There's a fee for filing a notice of appeal. If you want to appeal and you can't pay the cost of filing a notice of appeal, you should let the clerk of this court know those circumstances, and the clerk will prepare and file a notice of appeal on your behalf.

Oct. 25, 2006 Hr'g Tr. at 31-32 (Dkt. No. 105). Judgment entered on October 31, 2006. <u>See</u> Dkt. No. 72. Teixeira did not appeal. Therefore, his conviction became final fourteen days later, on November 14, 2006, when his time to appeal expired.[1] <u>See</u> Fed. R. App. P. 4(b)(1)(A)(i).

On February 4, 2008, approximately fifteen months after his sentencing, Teixeira began requesting documents related to his

---

[1] Neither the Supreme Court nor the First Circuit has directly addressed when an unappealed federal criminal conviction becomes final for the purposes of § 2255(f). However, numerous other courts have held that such a conviction becomes final "when the time expires for filing a direct appeal." <u>See</u> <u>United States v. Gaudette</u>, 2015 WL 6870051, at *1 (D. Mass. Nov. 6, 2015) (collecting cases); see also <u>U.S. v. Robinson</u>, 227 F. Supp. 3d 141, 148 n.2 (D. Mass. 2016).

case, including the docket sheet, motions, transcripts, and "Federal Appeal Rules and Regulations." Dkt. No. 84. On February 5, 2008, he was sent a copy of his docket sheet. In 2011 and 2012, Teixeira wrote the court several more times regarding transcripts of his proceedings. See Dkt. Nos. 85, 89, 91-92. On September 6, 2012, transcripts of Teixeira's proceedings were docketed and sent to Teixeira. See Dkt. Nos. 93-108. Teixeira did not inquire as to the status of any appeal or raise the issue of his counsel's failure to appeal in any of the foregoing filings.

On October 10, 2012, Teixeira moved for appointment of counsel to represent him in challenging his sentence. See Dkt. No. 110. On August 5, 2013, Teixeira filed the instant Petition alleging, for the first time, that his trial counsel was ineffective for failing to appeal despite Teixeira's instructions to do so. See Pet. at 5 (Dkt. No. 113). On August 27, 2018, the government filed an opposition to Teixeira's Petition, arguing that it was untimely and otherwise lacked any basis for relief. See Dkt. No. 118.

After Teixeira filed the Petition, one of his prior state sentences was vacated as a result of misconduct at the Massachusetts State Police Drug Laboratory in Hinton, Massachusetts. See Mot. Appoint Counsel (Dkt. No. 122); see generally Gen. Order 12-03 (D. Mass. Nov. 6, 2012), available at http://www.mad.uscourts.gov/caseinfo/pdf/general/Gen%20Ord12-03.pdf. In June 2015, the Federal Bureau of Prisons credited

3

against Teixeira's federal sentence the time he spent serving the vacated state sentence. See Mot. Withdraw Counsel (Dkt. No. 126). That month, Teixeira was released.[2] See id. at 2.

## II. LEGAL STANDARDS

A prisoner in federal custody may collaterally attack his sentence under 28 U.S.C. §2255. As the First Circuit has explained:

> Section 2255 contemplates four potential bases on which a federal prisoner may obtain relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack."

Damon v. United States, 732 F.3d 1, 3 (1st Cir. 2013) (quoting 28 U.S.C. §2255(a)), cert. denied, 134 S. Ct. 1328 (2014). In an action under §2255, "[t]he burden of proof is on the petitioner." Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015), cert. denied, 136 S. Ct. 2031 (2016).

When a prisoner files a §2255 petition, 28 U.S.C. §2255(b) requires that:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be

---

[2] Generally, a petitioner must be in custody to file a petition under § 2255. See 28 U.S.C. § 2255(a). However, Teixeira's release does not moot the Petition because he was in custody at the time the Petition was filed. See Smullen v. United States, 94 F.3d 20, 22 n.1 (1st Cir. 1996) (noting that jurisdiction attaches when the petition is filed, notwithstanding the fact that the petitioner is later released) (citing Fernos-Lopez v. Figarella Lopez, 929 F.2d 20, 23 (1st Cir. 1991), cert. denied, 112 S. Ct. 244 (1991).

4

Case 1:04-cr-10165-MLW   Document 147   Filed 09/06/24   Page 5 of 14

    served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. §2255(b). As the First Circuit has explained:

> We have distilled these principles into a rule that holds a hearing to be unnecessary when a §2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case. In other words, a §2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.

United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993) (internal citations and quotations omitted); see also David v. United States, 134 F.3d 470, 478 (1st Cir. 1998) ("To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings.").

Motions under 28 U.S.C. §2255 are subject to "[a] 1-year period of limitation[.]" 28 U.S.C. §2255(f). This period of limitation begins on the latest of several alternative dates, two of which are relevant here:

> (1) the date on which the judgment of conviction becomes final;
>
> . . . .
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

5

Id.

The statute of limitations for §2255 proceedings is not jurisdictional. See Ramos-Martínez v. United States, 638 F.3d 315, 321 (1st Cir. 2011). It is subject, in appropriate cases, to equitable tolling. See id. at 321-22. However, equitable tolling is "the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001); see also Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008), cert. denied, 128 S. Ct. 1076 (2008).

"A habeas petitioner bears the burden of establishing the basis for equitable tolling." Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010) (citing Holland v. Florida, 130 S. Ct. 2549, 2562 (2010)). In order to carry this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2553 (internal quotations omitted).

To satisfy the first prong, the petitioner must have exercised "reasonable diligence"; "maximum feasible diligence" is not required. Id. at 2565. To satisfy the second prong, the circumstances must be both extraordinary and beyond the petitioner's control. See Menominee Indian Tribe, 136 S. Ct. 750, 756 (2016); Ramos-Martínez, 638 F.3d at 322. With respect to

6

alleged mistakes by the petitioner's counsel, a "garden variety claim of excusable neglect . . . does not warrant equitable tolling." Holland, 130 S. Ct. at 2564 (internal quotations omitted). Rather, the mistake must be "egregious." Id. For example, courts have excused untimely filing where the petitioner's attorney "lulled [the petitioner] into a false belief that he had more than the allotted time to file, or otherwise misled him." Delaney, 264 F.3d at 15; see also Dillon v. Conway, 642 F.3d 358, 363-64 (2d Cir. 2011) (finding equitable tolling appropriate where expiration date missed because counsel misled petitioner).

III. DISCUSSION

In this case, the Petition is neither timely under §2255(f) nor subject to equitable tolling.

A. Timeliness under 28 U.S.C. §2255(f)

As explained earlier, §2255(f) provides for a one-year statute of limitations that runs from the latest of several alternative dates, two of which are relevant in this case.

In the first alternative, the petition must be filed within one year after the date on which the conviction became final. See 28 U.S.C. §2255(f)(1). Here, Teixeira concedes that he filed his petition more than one year after the date on which his conviction became final. See Pet. ¶18 (Dkt. No. 113).

In the second alternative, the petition must be filed within one year after due diligence would have discovered the factual

7

predicate for the claim. See 28 U.S.C. §2255(f)(4). Teixeira alleges ineffective assistance of counsel for failure to appeal. See Pet. at 5 (Dkt. No. 113). Accordingly, the factual predicate for Teixeira's claim is his counsel's failure to appeal.

During sentencing, in October 2006, the court informed Teixeira of his right to appeal and the procedure for filing a notice of appeal. Although Teixeira alleges that he instructed his attorney to file a notice of appeal, even a cursory review of the docket sheet upon receipt by Texeira in February 2008 would have revealed that a notice of appeal was never filed. However, Teixeira did not file the Petition until August 2013, nearly five years after receipt of the docket. Therefore, Teixeira filed the Petition more than one year after due diligence would have discovered the factual predicate for his claim. Cf. Green v. Johnson, 515 F.3d at 305 (finding that petitioner, who alleged that his trial counsel was ineffective for failing to appeal his non-capital convictions, was not reasonably diligent where he had at least two years to discover his counsel's failure to appeal through "public sources").

B. Equitable Tolling

As explained earlier, a petition under §2255 is entitled to equitable tolling if the petitioner was reasonably diligent in pursuing his claim, but extraordinary circumstances prevented him from timely filing. See Holland, 130 S. Ct. at 2562. Here, Teixeira

8

offers no evidence of reasonable diligence or extraordinary circumstances.

In Holland, the Supreme Court held that a federal habeas petitioner exercised reasonable due diligence for the purpose of equitable tolling. See id. at 2565 The petitioner's attorney missed the deadline to file the habeas petition. See id. at 2556. However, the petitioner had repeatedly urged his attorney to file the petition, and, when his attorney did not respond, wrote the court, clerks, and state bar association to have his attorney removed from the case. See id. at 2555-56, 2559, 2565. Moreover, the "very day" that petitioner discovered his attorney had not filed the petition, he prepared a petition pro se and mailed it to the district court. Id. at 2565 (emphasis in original).

In Figueroa v. United States, the district court held that a federal habeas petitioner did not exercise reasonable diligence for the purpose of equitable tolling. See 2012 WL 6626646, at *4-5 (D. Mass. 2012). The petitioner's time to file a notice of appeal of conviction expired in May 2007. See id. at *1. No appeal was filed, and the petitioner contended that he did not discover this fact until August 2009. See id. at *2. In May 2010, the petitioner filed a "Motion to Resubmit a Notice to File Out of Time Direct Appeal," which the court denied in May 2010. Id. The petitioner finally filed a §2255 petition in February 2011. See id.

9

In these circumstances, court held that the period between May 2007 and May 2010 demonstrated the petitioner's lack of reasonable due diligence. See id. at *3-5. In particular, "there [was] nothing in the record . . . to suggest that petitioner thought an appeal was pending or undertook any efforts to inquire as to the status of his appeal." Id. at *5. Moreover, after the petitioner learned in August 2009 that no appeal was filed, he waited seven months, until March 2010, to do anything. See id. at *4.

As in Figueroa, and unlike Holland, the record here contains no evidence that Teixeira believed an appeal was pending or of any attempts to inquire about its status. Teixeira waited fifteen months after his sentencing to request documents about his case, waited another three years to request transcripts, and waited another year to file the Petition. Therefore, the court finds that Teixeira has not exercised reasonable diligence in pursuing his claim.

Furthermore, Teixeira has not pointed to any "extraordinary circumstance" justifying equitable tolling of the statute of limitations. Relying on Martinez v. Ryan, 132 S. Ct. 1309 (2012), Teixeira argues that his circumstances are extraordinary because he was not appointed habeas counsel, and his claim for ineffective assistance of counsel is "substantial," Pet. ¶18 (Dkt. No. 113).

10

However, Teixeira's reliance on Martinez is misplaced. That case did not address whether ineffective assistance of counsel could excuse an untimely federal habeas petition. Rather, it addressed whether ineffective assistance of counsel in certain state collateral proceedings could excuse a petitioner's procedural default of a claim of ineffective assistance of counsel at trial. See id. at 1315. Indeed, there was no dispute in Martinez that the petitioner's federal habeas petition was timely filed.

Moreover, Teixeira does not allege that his trial counsel prevented him from discovering the failure to appeal or otherwise hindered him from filing his petition on time. For example, he does not allege that his attorney misled him into believing that he had filed an appeal or a §2255 petition. Therefore, the record conclusively shows that the petition is time-barred and that Texeira is entitled to no relief. Accordingly, the court is dismissing his §2255 petition without a hearing.

IV. APPOINTMENT OF COUNSEL

The court has discretion to appoint counsel for a petitioner seeking relief under §2255 if "the interests of justice so require[.]" 18 U.S.C. §3006A(a)(2). The petitioner has no constitutional right to appointed counsel, and the First Circuit has suggested that the case in which the appointment of counsel is warranted is "rare." United States v. Mala, 7 F.3d 1058, 1064 (1st Cir. 1993), cert. denied, 114 S. Ct. 1839 (1994); see Jackson v.

11

Coalter, 337 F.3d 74, 77 n.2 (1st Cir. 2003). In order to qualify for appointment of counsel, the petitioner must be indigent and the denial of counsel must result in fundamental unfairness impinging on the petitioner's due process rights. See United States v. Arias, 94 F. Supp. 3d 93, 117 (D. Mass. 2015) (citing DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991)). When making a determination, the court must consider "(1) the likelihood of success on the constitutional claim; (2) the factual complexity and legal intricacy of the claim; and (3) the ability of the prisoner to investigate and develop the factual record necessary to the claim." United States v. Lopez, 52 F. Supp. 3d 354, 358 (D. Mass. 2014) (citing Mala, 7 F.3d at 1063-64); see also Arias, 94 F. Supp. 3d at 117.

In this case, the first two factors are dispositive. See Lopez, 52 F. Supp. 3d at 358 (finding likelihood of success factor dispositive). Teixeira's Petition presents no plausible basis of relief because its untimeliness is clear. The interests of justice do not require appointment of counsel. Therefore, the court is denying Teixeira's request for appointment of counsel.

V.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings, requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To receive a certificate of appealability, a petitioner must make "a

12

substantial showing of a denial of a constitutional right." See 28 U.S.C. §2253(c)(2). In other words, a certificate of appealability is warranted if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 123 S. Ct. 1029, 1040 (2003) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). A claim can be debatable "even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that petitioner will not prevail." Id.

The court finds that no reasonable jurist would conclude that Teixeira's petition was timely. Therefore, the court is denying a certificate of appealability on Teixeira's claims. He may nevertheless seek a certificate of appealability from the Court of Appeals for the First Circuit. See §2255 Rule 11(a).

VI. ORDER

In view of the foregoing, it is hereby ORDERED that:

1.  Teixeira's Motion to Vacate under 28 U.S.C. §2255 (Dkt. No. 113) is DENIED.

2.  Teixeira's Motion to Appoint Counsel (Dkt. No. 110) is DENIED.
13

3.  A Certificate of Appealability is DENIED.

                                                                     /s/ Mark L. Wolf
                                                                     UNITED STATES DISTRICT JUDGE